1

**O**

2

3

4

5

6

7

8 United States District Court

9 Central District Of California

10 Western Division

11

12

PEOPLE OF THE STATE OF CALIFORNIA,  )

13                             Plaintiff,  )

14                                         )

v.                                        )

15                                         )

JEFFREY PIERCE TOLAND                     )

16                             Defendant.  )

17 _____  )

CASE  NO. 2:19CR-00372-ODW

**ORDER REMANDING IMPROPERLY REMOVED ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

18

19

20

21

22

On June 25, 2019 Frederick Morgan, "next friend" of Defendant Jeffrey Pierce

23

Toland, filed a "Notice of Removal to Federal Jurisdiction By Affidavit" of a criminal

24

prosecution allegedly pending in Los Angeles County Superior Court.  The state court

25

case number is listed as "CR 19008069".  No such case number can be found through

26

the Los Angeles Superior Court website, nor does this case number fit the format of

27

California state court actions.

28

*///*

In addition, the Court notes a number of procedural defects: the removing defendant has not attached to the notice of removal a copy of all process, pleadings, and orders served on the defendant. (28 U.S.C. §1446(a).)  The notice of removal does not indicate the date on which he was served with the initial pleading or the date on which defendant first had notice of removability.  The court therefore has no way to judge the timeliness of the removal. (28 U.S.C 1446(b).)

More concerning is the notice of removal is filed by Frederick Morgan, who is identified as "next friend" of defendant.  However, there is no showing of the relationship between Morgan and defendant or that defendant is in any way unable to proceed on his own behalf.  The scope of any federal doctrine of "next friend" standing is no broader than what is permitted by habeas corpus statute.  Thus, one condition for "next friend" standing in federal court is a showing by proposed "next friend" that real party in interest in unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability.  Otherwise, the proposed "next friend" lacks standing to seek redress for an injury in fact to someone else. *Whitmore v. Arkansas*, 495 U.S. 149, 156 (1990).

The federal statutory basis for removal is cited as 28 U.S.C. §1455.  That provision does not establish a basis for removability, but merely sets forth the mechanism for removal of a state criminal prosecution to federal court.  Section 1455 provides in part: A defendant . . .  desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . .  in such action,."

Rule 11 provides in part: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - **or by a**

1  **party personally if the party is unrepresented."** (Emphasis added.). It seems

2  clear to the court that Defendant Toland is unrepresented and he has not signed the

3  notice of removal. Instead, the notice is signed by Morgan who has as yet failed to

4  establish his standing to intercede on Toland's behalf.

5    Here, a "short plain statement of the grounds for removal" would have been

6  helpful to the court's analysis. So few facts and circumstance which gave rise to

7  Defendant Toland finding himself in state custody are mentioned. The court is unable

8  to ascertain whether, for example, any federal questions or defenses are implicated

9  which would justify the exercise of federal jurisdiction over this prosecution. Indeed,

10  the notice of removal is littered with so much nonsense the court is tempted to label

11  the pleading frivolous. For example: "Plaintiff (The People of the State of California)

12  is a citizen of the District of Columbia for removal purposes. Defendant Jeffrey

13  Pierce Toland sojourns on the lands within the territorial jurisdiction of the district

14  court. Defendant is a General Executor of the will of the Father." Notice of Removal,

15  at unnumbered fifth page.)  On the exhibit identified as the "Notice of Arrival of

16  Head of Mission Under the Authority of the New Covenant Revelation 3:7-13" under

17  item 3, it states, "[t]he head of mission is a citizen of the Kingdom of Heaven,

18  Residing in the house my Father prepared for me."

19    This motion has consumed enough of the court's time and is remanded to the

20  Los Angeles Superior Court, Pasadena for further handling and disposition.

21  IT IS SO ORDERED.

23  DATE: July 2, 2019

24

25  _____
   OTIS D. WRIGHT, II
26  UNITED STATES DISTRICT JUDGE